1  Michael Jay Berger (SBN 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Blvd., 6th Floor
3  Beverly Hills, CA 90212
   Tel.:    (310) 271-6223
4  Fax:    (310) 271-9805
5  E-mail: Michael.berger@bankrutpcypower.com

6  Attorney for Debtors and Defendants,
   Eric West and Kay West
7
             UNITED STATES BANKRUPTCY COURT
8
        CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
9

10  | In re | Case No. 2:18-bk-21368-BR |
11  | | Adv. Case. No. 2:18-ap-01461-BR |
    | ERIC WEST and KAY WEST, | Chapter 7 |
12  | | |
13  | Debtor. | **DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF CRAIG CUNNINGHAM'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R.CIV. P. 12(b)(6); REQUEST FOR JUDICIAL NOTICE** |
14  | | |
15  | CRAIG CUNNINGHAM, an individual, | |
16  | Plaintiff, | |
17  | | |
18  | v. | Hearing Is Set For: |
    | ERIC WEST, an individual; KAY WEST, | Date:  TBD[1] |
19  | an individual, | Time: TBD |
    | | Place: Courtroom 1668 |
20  | Defendants. | 255 East Temple Street |
    | | Los Angeles, CA 90012 |
21
22
23
24
25
26

27  _____
    [1] The hearing date for this motion will be provided at the February 12, 2019 Status Conference before this Court.
28

1   **TO THE HONORABLE BARRY RUSSELL, UNITED STATES**

2   **BANKRUPTCY JUDGE, THE CHAPTER 7 TRUSTEE, PLAINTIFF, AND ALL**

3   **OTHER PARTIES IN INTEREST:**

4               **MEMORANDUM OF POINTS AND AUTHORITIES**

5                   **I.**      **INTRODUCTION**

6       Defendants Eric West and Kay West's ("Defendants") Motion to Dismiss Plaintiff

7 Craig Cunningham's ("Plaintiff") Complaint for Failure to State a Claim Relief Upon

8 Which Relief Can Be Granted Pursuant to Fed.R.Civ.P. Rule 12(b)(6) (the "Motion")

9 should be granted for the following reasons:

10     1. Plaintiff's Section 523(A)(2) Cause Of Action Should Be Dismissed Because The
11     Complaint Fails To Plead Sufficient Factual Allegations;

12       i.   Defendants Did Not Obtain Plaintiff's Money, Property, Services, or
13            Credit by Fraud, False Pretenses, or False Representations and the
           Complaint Confirms This Because No Such Factual Allegations Are
14            Raised in the Complaint On This Issue; and

15       ii.   The Complaint Fails to State Any Facts Regarding What
16            Representations, if Any, Defendants Made to Plaintiff;

17       iii.   There Was No Justifiable Reliance On Any of the Alleged
18            Representations Made by Defendants Because Plaintiff Was a Willing
           Participant to The Defendants' Telephone Calls As He Has Filed Over
19            80 Lawsuits Under the Telephone Consumer Protection Act
20            ("TCPA");

21       iv.   Plaintiff's Complaint Fails to Allege Sufficient Factual Allegations
           That His Damages Were Caused by Any Fraudulent Representations
22            Made by Defendants; and

23     2. Plaintiff's Section 523(A)(6) Cause Of Action Should Be Dismissed Because
24     Receiving Telemarketing Calls Does Not Rise To A Willful Or Malicious Injury or
    Conduct.

25

26

27

28
DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

## II.    **BRIEF FACTUAL BACK GROUND**

On September 27, 2018, Defendants filed a Voluntary Chapter 7 Petition before this Court.

Prior to the filing of their Chapter 7 bankruptcy petition, on or about June 28, 2018, Plaintiff obtained a judgment, by way of default, against Defendants in the United States District Court, Middle District of Tennessee, Nashville Division, case number 3:15-0554 (the "District Court Ruling"). The District Court Ruling held that Defendants violated the Telephone Consumer Protection Act when Defendants placed 83 telemarketing calls to Plaintiff's cellphone.

On December 27, 2018, Plaintiff filed his Complaint for Non-Dischargeability of Debt Under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) (the "Complaint"). This Motion ensued.

## III.    **LEGAL STANDARD**

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) applies in adversary proceedings by way of Federal Rule of Bankruptcy Procedure ("FRBP") 7012(b). *In re Kvassay*, 2014 WL 2446181, at *9 (B.A.P. 9th Cir. 2014). A motion to dismiss under FRCP 12(b)(6) challenges the sufficiency of the allegations in the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). "A [FRCP] 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

In resolving an FRCP 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations as true. *Johnson*, 534 F.3d at 1122; *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). The Court, however, is not bound by conclusory statements, statements of law, and unwarranted inferences cast as factual allegations. *Bell Atl. Corp. v. Twombly*, 550

1 | U.S. 544, 555-57 (2007); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

2 | 1994).

3 |      "While a complaint attacked by a [FRCP] 12(b)(6) motion to dismiss does not need

4 | detailed factual allegations, [citations], a plaintiff's obligation to provide the 'grounds' of

5 | his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

6 | recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

7 | (citations omitted). "'[I]n practice, a complaint . . . must contain either direct or inferential

8 | allegations respecting all the material elements necessary to sustain recovery under some

9 | viable legal theory." *Id.* at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford*

10 | *Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

11 |      Under FRBP 7009 and FRCP 9(b), "[i]n alleging fraud or mistake, a party must

12 | state with particularity the circumstances constituting fraud or mistake. Malice, intent,

13 | knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b)

14 | requires that the circumstances constituting the alleged fraud "be 'specific enough to give

15 | defendants notice of the particular misconduct . . . so that they can defend against the

16 | charge and not just deny that they have done anything wrong.'" *Vess v. CIBA-GEIGY*

17 | *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Allegations of

18 | fraud must be accompanied by "the who, what, when, where, and how" of the misconduct

19 | charged. *Id.*; *see also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) ("The pleadings

20 | must state precisely the time, place, and nature of the misleading statements,

21 | misrepresentations, and specific acts of fraud."). While statements of the time, place, and

22 | nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of

23 | fraud are not. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

24 |      The allegations of a complaint, along with other materials properly before the court

25 | on a motion to dismiss, can establish an absolute bar to recovery. *See Weisbuch v. Cnty. of*

26 | *L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a

27 | decision one way, that is as good as if depositions and other expensively obtained evidence

28 |

4

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1  on summary judgment establishes the identical facts."). While courts generally must not

2  consider materials outside the complaint, they may consider such materials if "their

3  authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them."

4  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

5       The party seeking dismissal under FRCP 12(b)(6) has the burden of proof. In re

6  Reed, 532 B.R. 82, 88 (Bankr. C.D. Ill. 2015) ("A party seeking dismissal under [FRCP]

7  12(b)(6) 'bears a weighty burden' [which] requires that the movant establish 'the legal

8  insufficiency of the complaint.'"); In re Enron Corp., 316 B.R. 434, 449 (Bankr. S.D.N.Y.

9  2004) (stating that an "unsupported assertion is insufficient to meet [the] burden under a

10  [FRCP] 12(b)(6) motion.")

11              **IV. LEGAL ARGUMENT**

12

13  **A. PLAINTIFF'S SECTION 523(A)(2) CAUSE OF ACTION SHOULD BE
   DISMISSED BECAUSE THE COMPLAINT FAILS TO PLEAD
14  SUFFICIENT FACTUAL ALLEGATIONS**

15       *1.  Defendants Did Not Obtain Plaintiff's Money, Property, Services, or
           Credit By Fraud, False Pretenses, or False Representations And the
16          Complaint Confirms This Because No Such Factual Allegations Are
17          Raised in the Complaint On This Issue*

18       "Section 523(a)(2)(A) of the Bankruptcy Code prohibits the discharge of any

19  enforceable obligation for money, property, services, or credit, to the extent that the

20  **money, property, services, or credit were obtained by fraud, false pretenses, or false**

21  **representations.**" *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010). (Emphasis added.)

22       Here, Defendants did not obtain Plaintiff's money, property, services, or credit by

23  fraud, false pretenses, or false representations.  The Complaint confirms this.  No factual

24  allegations are plead in the Complaint that allege that Plaintiff's invested any money with

25  Defendants or gave any property to Defendants, or provided any services to Defendants, or

26  provided any credit to Defendants. The Complaint is completely silent on this issue. The

27  reason being is that Defendants did not obtain any money, or property, or services, or

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1  credit from Plaintiff by fraud, false pretenses, or false representations.

2

3  　　　　　　2.  *The Complaint Fails to State Any Facts Regarding What Representations, if Any, Defendants Made to Plaintiff*

4

5  　　To prevail on a § 523(a)(2)(A) claim, the creditor must prove the following:

6  1. The debtor made representations;
　 2. That at the time he knew they were false;

7  3. That he made them with the intention and purpose of deceiving the creditor;
　 4. That the creditor relied on such representations; and

8  5. That the creditor sustained the alleged loss and damage as the proximate result of
the misrepresentations having been made.

9

10 *In re Sabban,* 600 F.3d at 1222.

11 　　An actionable representation must be an assertion of fact that is existing and

12 ascertainable." *Kukulka-Stone v. Ekrem (In re Ekrem),* 192 B.R. 982, 992 (Bankr. C.D.

13 Cal. 1996). "Further, the representation must be material to the transaction at hand,"

14 meaning that a false representation must contain "substantial inaccuracies of the type

15 which would generally affect a [creditor's] decision." *Id.*; *In re Jones*, 585 B.R. 465, 506

16 (Bankr. E.D. Tenn. 2018) (internal citations omitted). The test for materiality is whether

17 the representation "had a natural tendency to influence, or was capable of influencing, the

18 [creditor's decision]." *United States v. Keefer*, 799 F.2d 1115, 1126 (6th Cir. 1986)

19 (internal quotation marks omitted). A representation is not material if the creditor "knows

20 it is false or possesses information sufficient to call the representation into question."

21 *Jones*, 585 B.R. at 507.

22 　　The basis of Plaintiff's section 523(a)(2)(A) claim rests on two grounds.  First,

23 Plaintiff contends that Defendants (or their company) violated the Telephone Consumer

24 Protection Act when he allegedly received 83 telemarketing calls to his cellphone.  *See*

25 Complaint, ¶ 7.  These telemarketing calls, as the District Court held, "were in connection

26 with a scam targeting individuals with student loans."  *See* Exhibit A to Plaintiff's

27 Complaint, p. 2.  However, the Complaint fails to state sufficient factual allegations as to

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1  whether or not Defendants and Plaintiff ever spoke on the phone or-in-person. If so,

2  when? Also, the Complaint fails to state whether Plaintiff was ever a customer of

3  Defendants' alleged student loan and mortgage loan modification practice. The Complaint

4  does not state so. Equally devoid are critical details such as whether Defendants and

5  Plaintiff entered into any agreement for a modification of Plaintiff's student loan and/or

6  mortgage. Whether Defendants ever performed any work for Plaintiff regarding Plaintiff's

7  student loan and/or mortgage. These critical omissions point to the fact that if no

8  conversations took place between Defendants and Plaintiff, and if Plaintiff was not a

9  customer of Defendants student loan and mortgage loan modification practice, then there

10  were no representations made by Defendants to Plaintiff.

11        The second basis of Plaintiff's section 523(a)(2)(A) claim rests on a lawsuit filed by

12  the Federal Trade Commission ("FTC") against Defendants for their role in a student loan

13  and mortgage loan scheme. *See* Plaintiff's Complaint, ¶ 18. However, Plaintiff was not a

14  party to the FTC lawsuit nor is he mentioned in the FTC lawsuit. As mentioned above, the

15  Complaint fails to indicate if Plaintiff was even a customer or client of Defendant's

16  business.

17        In sum, the Complaint contains insufficient allegations regarding Defendants'

18  alleged representations, and does not and cannot meet FRCP 9(b)'s particularity

19  requirement.

20            3.  *There Was No Justifiable Reliance On Any of the Alleged*

21               *Representations Made by Defendants Because Plaintiff Was a Willing*
             *Participant to The Defendants' Telephone Calls As He Has Filed*

22               *Over 80 Lawsuits Under the TCPA*

23        To satisfy the reliance requirement of § 523(a)(2)(A), a plaintiff must show

24  "justifiable" reliance, not "reasonable reliance." *Field v. Mans*, 516 U.S. 59, 74-75 (1995).

25  A bankruptcy court must "apply a subjective test to determine whether a creditor

26  justifiably relied on a debtor's misrepresentation." *Santa Ana Unified Sch. Dist. v.*

27  *Montgomery (In re Montgomery)*, 489 B.R. 609, 626 (Bankr. N.D. Ga. 2013).

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1  "Justifiable reliance is a less demanding standard than reasonable reliance and

2  requires only that the creditor did not 'blindly [rely] upon a misrepresentation the falsity of

3  which would be patent to him if he had utilized his opportunity to make a cursory

4  examination or investigation.'" *Deady v. Hanson (In re Hanson)*, 432 B.R. 758, 773

5  (Bankr. N.D. Ill. 2010) (quoting Field, 516 U.S. at 71). The justifiable reliance standard

6  imposes no duty to investigate unless the falsity of the representation is readily apparent.

7  Hanson, 432 B.R. at 773 (citing Field, 516 U.S. at 70-72). "In other words, the creditor's

8  reliance will likely be justified if there is nothing on the face of the representation that

9  would lead the creditor to believe that the representation is false, or if the creditor does not

10  have actual knowledge from which he should realize the representation is false." *Compass*

11  *Bank v. Meyer (In re Meyer)*, 296 B.R. 849, 862 (Bankr. N.D. Ala. 2003). A creditor need

12  not show "that it acted consistent with ordinary prudence and care." *Stewart Title Guar.*

13  *Co. v. Roberts-Dude*, 497 B.R. 143 (S.D. Fla. 2013).

14  Here, there is no justifiable reliance because Plaintiff was a willing participant to

15  Defendants' telemarketing calls.  Plaintiff subjected himself to 83 telemarketing calls as

16  part of a scheme to build up his case against Defendants **as he had done so in the eighty**

17  **(80) other cases where he sued defendants under TCPA**. *See* Exhibit "1" attached

18  hereto.  He is not an innocent party, and was knowingly capitalizing on Defendants calls

19  for his own financial gain.

20  Plaintiff is known for suing defendants under TCPA.  This lawsuit, along with

21  many others filed under TCPA, is part of his financial remuneration.  Plaintiff now seeks

22  to make his judgment, granted by way of default, non-dischargeable.  The Bankruptcy

23  Code was not designed to protect plaintiffs such as Craig Cunningham.

24  The Motion should be granted because not only was Plaintiff not justified in relying

25  on the representations, if any, but there is no explanation in the Complaint, or in the

26  District Court Ruling, of: 1) how Plaintiff relied on any representations made by

27  Defendants; 2) how Plaintiff was justified in relying on the representations, if any; or 3)

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1    what Defendants did to induce Plaintiff to rely on any representations.

2        The Motion should be granted because Plaintiff cannot demonstrate that it relied on

3    any representations, much less it was justified in relying on the representations.

4        *4. Plaintiff's Complaint Fails to Allege Sufficient Factual Allegations*
         *That His Damages Were Caused by Any Fraudulent Representations*
5        *Made by Defendants*

6

7        The last element of § 523(a)(2)(A) requires that the damage be proximately caused

8    by the debtor's fraud. *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1223 (9th Cir.

9    2010) (explaining that the debtor will not receive a discharge of debts "resulting from" or

10   "traceable" to fraud); *Fetty v. DL Carlson Enters., Inc. (In re Carlson)*, 426 B.R. 840, 856-

11   57 (Bankr. D. Idaho 2010) ("Plaintiff must prove he was damaged as a proximate cause of

12   the fraudulent representation."). To satisfy this element, the plaintiff must not only show

13   that the misrepresentation was the but-for cause of the injury, but also that its loss was a

14   foreseeable result of the debtor's misrepresentation. *In re Smithson*, 372 B.R. 913, 922

15   (Bankr. E.D. Mo. 2007).

16       Here, the Motion should be granted because the damages that were awarded to

17   Plaintiff were not the proximate cause of any fraudulent representations Defendants made

18   to Plaintiff.  Rather, Plaintiff was a willing participant and was financially incentivized to

19   "play along" with Defendants' telemarketing calls. The "damages" were self-inflicted by

20   Plaintiff and not the result of any fraudulent representations.

21       More importantly, the Complaint fails to allege sufficient factual allegations that

22   Plaintiff was harmed by any fraudulent representations.  For instance, the Complaint does

23   not allege that, as a result of the telemarketing calls, Plaintiff entered into an agreement

24   with Defendants for either student loan modification or home loan modification.  It does

25   not allege that Defendants were required to carry out any work for Plaintiff.  It does not

26   allege that Plaintiff became a client or customer of Defendants' services after receiving the

27   telemarketing calls. While the District Court found that these telemarketing calls violated

28   the TCPA, it also never found in its ruling that Plaintiff was an actual customer or

9

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1  subscriber to the services purportedly offered by Defendants.  *See* Exhibit "A" to

2  Plaintiff's Complaint.  Plaintiff, a person all too familiar with TCPA, sued Defendants on

3  this basis alone. As inconvenient and annoying as that may be, such actions do not warrant

4  a non-dischargeable judgment being assessed against Defendants.

5       Based on the foregoing, Defendants have demonstrated that Plaintiff's first cause of

6  action fails to provide sufficient facts to support a claim for relief under § 523(a)(2)(A).

7  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8

9  **B.  PLAINTIFF'S SECTION 523(A)(6) CAUSE OF ACTION SHOULD BE
DISMISSED BECAUSE PLACING TELEMARKETING CALLS DOES NOT
RISE TO A WILLFUL OR MALICIOUS INJURY OR CONDUCT**

10

11       Plaintiff's Complaint objecting to the discharge of the debtor pursuant to 11 U.S.C.

12  § 523 (a)(6) must be dismissed for failure to state a claim upon which relief can be granted.

13  Under 11 U.S.C. § 523 (a)(6), a discharge under §727 does not discharge an individual

14  debtor "for willful or malicious injury by the debtor to another entity or to the property of

15  another entity."  Section 523(a)(6) generally applies to torts rather than to contracts, and

16  an intentional breach of contract will not give rise to a nondischargeable debt, unless it is

17  accompanied by tortious conduct which results in willful and malicious injury. *Petralia v.*

18  *Jercich (In re Jercich)*, 238 F.3d 1202, 1205 (9th Cir. 2001); *Lockerby v. Sierra*, 535 F.3d

19  1038, 1040 (9th Cir. 2008).

20       The term "willful" means intentional and deliberate; "malicious" means "wrongful

21  and without just cause or excessive even in the absence of personal hatred, spite or ill

22  will." *Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 991 (11th Cir. 1989); *Chrysler Credit Corp.*

23  *v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir. 1998), abrogated on other grounds by *Grogan v.*

24  *Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); *Sunco Sales, Inc. v. Latch*

25  *(In re Latch)*, 820 F.2d 1163, 1166 n.4 (11th Cir. 1987). The debtor, through his acts, must

26  have actually intended the injury, "not merely a deliberate or intentional act that leads to

27  injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). In other

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1  words, the debtor must have "desired the injury caused by his conduct." *Atlanta Contract*

2  *Glazing, Inc. v. Swofford (In re Swofford)*, 2008 Bankr. LEXIS 3900 at *2 (Bankr. N.D.

3  Ga. Dec. 23, 2008). Not every intentional tort falls within the gamut of section 523(a)(6),

4  *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 604 (5th Cir. 1998) ("[m]erely

5  because a tort is classified as intentional does not mean that any injury caused by the

6  tortfeasor is willful"), and conduct that is reckless is simply not enough to obtain relief

7  under section 523(a)(6). *Smith v. Burgos (In re Burgos)*, 2015 Bankr. LEXIS 4311, at *6

8  (Bankr. N.D. Ga. Nov. 9, 2015). The plaintiff must show the debtor "had a subjective

9  motive to inflict injury or believed his conduct was substantially certain to cause injury."

10  *Hot Shot Kids, Inc. v. Pervis (In re Pervis)*, 512 B.R. 348, 376 (Bankr. N.D. Ga. 2014).

11  The debtor's subjective intent may be inferred from surrounding circumstances. *Id.*

12      In *Alan Bau Invs. v. Horne (In re Horne)*, Nos. 10-42625, 10-4239, 2012 Bankr.

13  LEXIS 1577 (Bankr. E.D. Tex. Apr. 11, 2012), the plaintiffs held a default judgment

14  against the debtor based on violations of the TCPA and sought a determination the

15  judgment was non-dischargeable pursuant to section 523(a)(6). The bankruptcy court

16  found the plaintiffs failed to demonstrate by a preponderance of the evidence the debtor

17  either deliberately or intentionally inflicted injury on them or the debtor's actions created

18  an objective substantial certainty of harm to plaintiffs. The court found plaintiffs failed to

19  sustain their burden of proof to show the debt arose from a "willful and malicious injury"

20  as contemplated by section 523(a)(6). The court noted the debtor had violated the TCPA in

21  other instances and might not be a sympathetic figure but, nevertheless, exceptions to

22  discharge must be protected and the burden of proof properly sustained.

23      In this case, as in *Horne,* Plaintiff fails to plead sufficient factual allegations that

24  Defendants willfully and maliciously injured him.  The Complaint does not allege what

25  fraudulent acts, if any, Defendants made to Plaintiff.  Instead, Plaintiff pleads that "the

26  District Court that awarded Plaintiff's judgment concluded that the actions of the

27  defendants were knowing and willful and awarded treble damages.  This should be

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1   sufficient to establish that the judgment should not be discharged as it was willful and

2   malicious." *See* Plaintiff's Complaint, ¶ 14.  However, this judgment was obtained by

3   default.  *See* Exhibit "A" to Plaintiff's Complaint.  Defendants did not defend the claims

4   asserted by plaintiff in that action and the matter was not "actually litigated" between the

5   parties. *Id.*

6          The alleged damages sustained by Plaintiff were not the result of any fraudulent

7   conduct by Defendants, but the result of Defendants allegedly placing 83 telemarketing

8   calls to Plaintiff.  *See* Complaint, ¶ 7 and Exhibit "A" to Plaintiff's Complaint.  The

9   telemarketing calls could have made to unknown individuals, which included Plaintiff.  In

10  other words, the calls may not have been specifically targeted towards Plaintiff.  The

11  Complaint also does not plead that Plaintiff became a client of Defendants after listening to

12  these telemarketing calls nor does the District Court ruling make this finding either.

13  Therefore, there really was no reliance.  The reality is that there was no willful or

14  malicious injury to Plaintiff either.

15         In sum, Plaintiff's Complaint fails to provide any sufficient factual allegations in

16  support of its section 523(a)(6) claim.

17

18                              **V.  CONCLUSION**

19         Based on the forgoing, Debtors respectfully request that this Court grant

20  Defendants' Motion and dismiss Plaintiff's Complaint with prejudice.

21

22  Dated: 2/4/19                          LAW OFFICES OF MICHAEL JAY BERGER

23                                         By

24                                         Michael Jay Berger
                                           Attorney for Defendants
25                                         Eric West and Kay West

26

27

28

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendants Eric West and Kay West respectfully requests that this Court take judicial notice of the Forbes magazine article titled "Phoney Lawsuits: Man Has Filed 80 Lawsuits and Uses Sleuthing Skills to Track Down Defendants", a copy of which is attached hereto as Exhibit "1."

It is well-established that courts may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (*citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). The Court may also properly take judicial notice of "documents referenced in a complaint" and "documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint]" where the authenticity of the documents are not in dispute. *In re Calpine Corp. Sec. Litig.*, 288 F.Supp.2d 1054, 1076-77 (N.D. Cal. 2003).

Dated:  2/4/19

LAW OFFICES OF MICHAEL JAY BERGER

By _____
Michael Jay Berger
Attorney for Defendant
Eric West and Kay West

DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM

# EXHIBIT 1

4,129 views  |  Nov 1, 2017, 03:56pm

# Phoney Lawsuits: Man Has Filed 80 Lawsuits And Uses Sleuthing Skills To Track Down Defendants



**Legal Newsline** Contributor ⓘ
*We cover issues that affect businesses in state and federal courts*



POST WRITTEN BY

**John O'Brien**

I am the editor of Legal Newsline and the Pennsylvania Record.



A Tennessee man, described as a professional plaintiff and sleuth with three cell phones, is allowed to continue one of his many lawsuits after faking interest in a free home security system to identify whom he wanted to sue for calling him about it.

"(I)t is safe to say that, when the telemarketers in this case called a phone belonging to (Craig) Cunningham, they – presumably unwittingly – found themselves in the sights not of an ordinary hapless consumer, but a seasoned plaintiff, likely primed and ready to take them to court if their actions violated the (Telephone Consumer Protection Act)," a federal judge wrote earlier this year.

Cunningham, of Nashville, hasn't even needed a lawyer to represent him in most of his lawsuits brought under the TCPA, a federal law that punishes companies who violate it by exposing them to statutory damages - $500 for each call in some instances, $1,500 per call in others.

He represents himself in court, usually the U.S. District Court for the Middle District of Tennessee. But he has filed in other jurisdictions, sometimes through law firms.

Clearly, as Tennessee Judge Waverly Crenshaw wrote, Cunningham is the wrong man to call. He has filed approximately 83 TCPA lawsuits since 2014, including 19 this year. In asking for dismissal of a similar lawsuit, Nationwide Security Solution alleges he has three cell phones that he uses to compile TCPA claims.

It was Crenshaw who ruled in April that he has standing to bring these claims, no matter the circumstances that led to the calls – or the benefits they provided. Rapid Response Monitoring Services had argued in a motion to dismiss that Cunningham was glad to receive its calls so that he could file a lawsuit over them.

A recent landmark U.S. Supreme Court decision in *Spokeo, Inc. v. Robins* held that a plaintiff must have actually suffered harm in order to sue.

Since Cunningham welcomed the calls, there was no harm, the company said. It's the same argument that was used to dismiss a Pennsylvania lawsuit in which a woman admitted she had a shoebox full of phones with different numbers that she used to amass calls that would help her file lawsuits.

**YOU MAY ALSO LIKE**

Crenshaw even wrote that Cunningham admitted to leading RRMS on for the purpose of cultivating his claim.

"Nothing in the Constitution, though, requires a plaintiff to be a naif. Litigation is not college athletics: there is no 'amateurs only' rule," Crenshaw wrote.

"Nor is there anything out of the ordinary or constitutionally suspect about a plaintiff's being motivated by the prospect of reaping a reward rather than simply vindicating or receiving restitution for his constitutionally sufficient injury."

Crenshaw's opinion overturned recommendations made by Magistrate Judge Barbara Holmes two months earlier. She ruled Cunningham's lawsuit had no legal merit.

It started with a series of calls to Cunningham from callers marketing home security systems through a "safety survey." Cunningham decided to take the survey in order to find out what companies he needed to sue.

He pressed "1" to speak to an agent about the installation of a Safeguard America home security system. If he agreed to the installation, he'd need to pay for monitoring services provided by RRMS.

He received follow-up calls and even met with an installer. In court filings, Cunningham says he did not receive the system.

Cunningham was hunting bigger game than a security system.

"The calls show that Cunningham appears to have been very good at eliciting information from the callers that he could later use in this lawsuit..." Crenshaw wrote.

"(Cunningham) openly admits that the reason he eventually accepted one of the calls was 'to ascertain the identity of the party' placing them, and Cunningham has explained his sleuthing in significant detail himself.

"His later pleadings are entirely straightforward that he was in fact cultivating a claim."

The result of the ruling is that Cunningham is allowed to continue pursuing his lawsuit. Most TCPA cases are quickly settled to avoid the cost of litigating them – it can cost $100,000 to defend a case through trial and $500,000 to fight a TCPA class action.

Cunningham isn't idly waiting for a settlement from RRMS. In fact, he recently asked Crenshaw to sanction RRMS for not responding to his discovery requests.

Actually, more than 30 of his cases remain open. It is likely that current and future defendants will ask whether he actually sustained any harm under *Spokeo*, though he has filed 40 lawsuits since that ruling.

It's not a one-man show. Cunningham does use attorneys in some cases.

For instance, the Law Offices of Todd M. Friedman, the most prolific TCPA-filing firm in the country, represents him in Utah.

Kaufman & Canoles, of Norfolk, VA, handles his Virginia litigation. In Wisconsin, it's Roger Sage. For Florida, it's Broderick & Paronich and Bailey and Glasser.

Aaron Mulvey, of Dallas, represents him in Texas. In Illinois, it's Murphy Murphy Moul Basil, which teams with the Broderick firm there and in Maryland.

Another firm, Bellin & Associates, has filed his court documents in North Carolina and New York, while Humphreys Wallace Humphreys has done the same in Oklahoma.

*From Legal Newsline: Reach editor John O'Brien at john.obrien@therecordinc.com.*

 **Legal Newsline** Contributor

We went online in 2006 with a focus on state attorneys general and state supreme courts and their impact on America's businesses. Through the years, we have expanded the scope of our coverage to include class action lawsuits, asbestos and patent litigation, the False Claims...

**Read More**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS ERIC WEST AND KAY WEST'S MOTION TO DISMISS PLAINTIFF CRAIG CUNNINGHAM'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R.CIV. P. 12(b)(6); REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/4/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Defendants: Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Chapter 7 Trustee: Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
Office of the United States Trustee: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 2/4/2019 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Plaintiff:
Craig Cunningham
3000 Custer Rd Ste 270-206
Plano, TX 75075
☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 2/4/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Suite 1660/Courtroom 1668
Los Angeles, CA 90012
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/30/2019 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**